[Civ. No. 28023.   Second Dist., Div. Two.   Feb. 26, 1965.]

PACIFIC INDEMNITY COMPANY et al., Plaintiffs and Respondents, v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant and Appellant.

Smith & Wilson and Andrew V. Smith for Defendant and Appellant.

Ball, Hunt & Hart, Donald B. Caffray, Gary W. Sawtelle and Kenneth H. Clausen for Plaintiffs and Respondents.

ROTH, P. J.—This is an appeal from a declaratory judgment determining the rights and obligations of respondents Pacific Indemnity Company (Pacific) and Glens Falls Insurance Company (Glens Falls) and appellant Universal Underwriters Insurance Company (Universal).

On February 28, 1957, Burnett Oakry was loaned a courtesy car by Hamlin W. Nerney Co. (Hamlin), an automobile sales and service agency, while his car was being repaired by Hamlin. Oakry was insured under an accident liability policy issued by Glens Falls. Hamlin was insured by Universal under a comprehensive liability policy which provided that it not only covered the named insured, Hamlin, but also any person driving an insured automobile with the permission of Hamlin, and any person legally liable for its use. An endorsement to this policy, however, amended the definition of "insured" contained in the originally issued policy so as to include thereunder only partners, employees, directors, and stockholders of Hamlin and persons having a financial interest in the business of Hamlin and members of the household of such designated persons and any person legally responsible for the use of an automobile owned by the insured and operated by such individual with the permission of the insured.

On the day Oakry obtained the use of the courtesy car, he was involved in an accident with a minor pedestrian. At the time of the accident Oakry was in the course of his employment for one Gladys R. Belzer who was insured by Pacific.

The Glens Falls policy and the Pacific policy each contained a clause which made their coverage excess, when the vehicle driven by the insured was nonowned.

In an action against Oakry, Belzer and Hamlin, the minor was awarded a judgment of $10,000 plus costs. In a retrial, the parents of the minor were awarded an additional $2,266.65 with costs as to Oakry and Belzer.

Glens Falls and Pacific each paid part of the total award. Universal paid nothing.

In this action the trial court held that Oakry and Belzer were each additional insureds under the Universal policy, and that Universal's policy was primary and liable for the entire

amount of the judgment, together with costs of investigation and defense by Glens Falls and Pacific.

The trial court held that the purported attempt of Universal to exclude all but certain named permissive drivers was void as against public policy.

█ It is firmly established by a long line of decisions beginning with *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359], that as a matter of public policy the provisions of Vehicle Code, section 415[1] (now Veh. Code, §§ 16450-16455), as they existed in 1957, are to be read into every automobile liability policy effective in this state. (See *Interinsurance Exchange of Auto. Club* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640] ; *American Automobile Ins. Co.* v. *Republic Indemnity Co.*, 52 Cal.2d 507 [341 P.2d 675].) █ Manifestly, appellant was the primary insurer under its comprehensive liability policy issued to Hamlin, since respondents' policies were expressly stated to be excess where the accident involved a car not owned by their insured. Oakry was, therefore, an insured within the meaning of the Universal policy as a matter of law.

█ Appellant contends, however, that a permissive user within the meaning of section 415 need only be insured to the extent of $5,000 for bodily injury (the amount set forth in section 415 at the time of the accident) and that its liability is thus limited to this amount.

This contention was raised by appellant in *Globe Indemnity Co.* v. *Universal Underwriters Ins. Co.*, 201 Cal.App.2d 9 [20 Cal.Rptr. 73], and rejected by the court on the basis that once the permissive user assumes the status of an insured under the primary insurer's policy, the user is entitled to the full protection offered by the policy absent express liability differentiations as to those insured.

█ Appellant also contends that even if it is liable to respondents on the judgment, it is not liable for their defense and investigation costs.

---

[1]Vehicle Code section 415: ''Requisites of Motor Vehicle Liability Policy. (a) A 'motor vehicle liability policy,' as used in this code means a policy of liability insurance issued by an insurance carrier . . . to or for the benefit of the person named therein as assured, which policy shall meet the following requirements:
'' . . . . . . . . . . .
''(2) Such policy shall insure the person named therein and *any other person using* or responsible for the use of said motor vehicle or motor vehicles *with the express or implied permission* of said assured.
''(3) [Establishes the financial responsibility limits of $5,000 and $10,000 for bodily injury and $1,000 for damage to the property of others. All policies must contain this minimum coverage.]''

The trial court found that respondents had made a demand upon appellant to defend the original action brought by the minor, and that appellant refused to defend the action even though its policy with Hamlin provided for such defense.

In *Continental Casualty Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27, 35-38 [17 Cal.Rptr. 12, 366 P.2d 455], the court held that where the insured agrees to defend any suit brought against its insured and fails to perform its obligation, it is liable for the costs of such defense reasonably incurred. The rule set forth in *Continental* which analyzed the problem from the standpoint of exceeding the policy limits of the primary insurer's policy and not exceeding such limits, is decisive of the issue.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.