[Civ. No. 28101. Second Dist., Div. Four. Apr. 22, 1965.]

SIDNEY CLARK, Plaintiff and Respondent, v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant and Appellant.

Smith & Wilson and A. Charles Wilson for Defendant and Appellant.

Winkler & Solov and Ralph Winkler for Plaintiff and Respondent.

KINGSLEY, J.—Plaintiff recovered a judgment against Henry M. Hawkins, Sr., and Masters Pontiac (hereinafter Masters), for damages suffered by him as the result of an automobile accident involving a car owned by Masters and driven by Hawkins with their consent. The judgment was in the amount of $5,000 against Masters and Hawkins jointly, and against Hawkins for the additional amount of $31,500. Appellant Universal Underwriters Insurance Company (hereinafter Universal) had issued a policy of liability insurance, with limits of $300,000, insuring Masters. By the terms of the policy as originally drafted it covered, as "additional insured," persons driving automobiles owned by Masters with Masters' consent. However, there had been added to the policy a so-called "garage endorsement" which purported to limit this clause and to restrict the class of "additional insured" to "any other person or organization legally responsible for the use thereof *only while such automobile is operated by the named insured.*" (Italics added.) Universal paid the $5,000 judgment against Masters but, contending that Hawkins was not an insured under the policy, it refused to pay the additional judgment against him.

Plaintiff thereupon brought an action against Universal for declaratory relief and for recovery of the unpaid judgment with interest. The trial court held that Hawkins was an insured under the policy and gave judgment to plaintiff as prayed. Defendant has appealed.

It is admitted that, if Hawkins was fully insured under the policy the judgment is proper; the sole contentions are: (1) that Hawkins was not an insured under the policy; or, alternatively, (2) if Hawkins was an insured, he was covered only to the extent of the $5,000 already paid by Universal to plaintiff.

I

■ Defendant admits that previous decisions of the Supreme Court of this state have held that a provision in an automobile liability policy attempting to restrict coverage so as to exclude persons for whose conduct a named insured is liable is void as against public policy. (*Interinsurance Exchange of Auto. Club of So. Cal.* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640]; *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359].) It argues only: (a) that *Wildman* misconstrued the intent and meaning of the statutes in force prior to 1957; (b) that the *Interinsurance Exchange* case misconstrued the effect of 1957 legislation; and (c) that the law as declared in the cited cases, and in cases following those decisions, violates the constitutional freedom of contract of an insurance carrier to select the risks against which it is willing to insure. We are, of course, bound by the decisions of our Supreme Court declaring the law of California. It would serve no purpose for us to discuss the contentions here made, or to repeat the arguments which our Supreme Court found persuasive in arriving at the rules which it has declared.

II

■ Defendant's alternative point has no more merit. In *Globe Indemnity Co.* v. *Universal Underwriters Ins. Co.* (1962) 201 Cal.App.2d 9 [20 Cal.Rptr. 73], the same argument was made, by the same insurer, and was rejected. Where, as here, the insurer has made no attempt to differentiate in the *amount* of coverage given to different insureds, it must be held liable to all insured to the same extent. This case is, therefore, different from *American Motorists Ins. Co.* v. *Underwriters at Lloyd's London* (1964) 224 Cal.App.2d 81 [36 Cal.Rptr. 297], wherein it was held that a policy provision making coverage of the permissive driver "excess" and not "primary" insurance was valid because it expressly and clearly indicated an intent so to limit liability while complying with the policy requirement of protecting the injured person. In that case, however, the injured persons could

recover, from one or more carriers, their full loss up to the full policy limits of the policies involved; the issue was only as to which policy bore the first impact. ▮ In the case at bench, the restrictive endorsement is void; since it is void, the provision in the policy as originally written is in force; that provision evidences no intent to limit the amount of insurance therein granted. As a result, we do not reach the question of the right of an insurance carrier in a pre-1963 policy[1] expressly to limit the amount of insurance available to permissive users and we express no opinion thereon.

### III

▮ We note that the identical contentions were urged, by this same insurance carrier, in the recent case of *Pacific Indemnity Co.* v. *Universal Underwriters Ins. Co.* (1965) 232 Cal.App.2d 541 [43 Cal.Rptr. 26] and that they were there also rejected. We can see no reason for this repeated litigation of rules long settled other than an intent to delay the ultimate recovery by injured persons. The case falls within the language and the spirit of the last sentence of rule 26(a) of the California Rules of Court.

The judgment is affirmed; in addition to the ordinary costs on appeal, computed as provided in rule 26(c) of the California Rules of Court, defendant shall pay to plaintiff, as a penalty for a frivolous appeal, the additional sum of $500.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1965.

---

[1] Cf. Ins. Code, § 11580.1, effective September 20, 1963.