[Civ. No. 29369.   Second Dist., Div. Five.   Feb. 23, 1967.]

WILSHIRE INSURANCE COMPANY, Plaintiff and Appellant, v. TRANSIT CASUALTY COMPANY, Defendant and Respondent.

Joseph W. Jarrett, Frank W. Woodhead and Henry F. Walker for Plaintiff and Appellant.

Harry M. Hunt and Glenn W. Hoiby for Defendant and Respondent.

KAUS, P. J.—Plaintiff Wilshire Insurance Company (Wilshire) and defendant Transit Casualty Company (Transit) both insured one Fred Desilets and his employer Cannonball Express Company (Cannonball), when on December 13, 1962 a truck owned by Budget-Rent-A-Car (Budget), rented to Cannonball and driven by Desilets smashed into a sign owned by Mutual Savings and Loan, damaging it to the extent of $3,155. Wilshire's policy had been issued to Budget, Transit's to Cannonball. Claim was made against each company, Transit declined to pay, Wilshire paid and this suit followed.

The trial court found that Wilshire's policy was primary and Transit's excess. Wilshire appealed.

We are faced with the customary battle between "other insurance" clauses. Wilshire's policy contains two such clauses. The one in the basic policy reads as follows: "Other Insurance. The insurance afforded by this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered by this policy." Another, contained in an endorsement, is this: "THE INSURANCE PROVIDED UNDER THE POLICY SHALL BE EXCESS INSURANCE OVER ANY OTHER

VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE RENTER, EITHER AS AN INSURED UNDER ANOTHER POLICY OR OTHERWISE.''

Not to be outdone, Transit's policy also contains two such clauses reading respectively as follows: ''Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.'' The other clause is found in an endorsement: ''Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, with respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others, the insurance shall be excess insurance over any other valid and collectible insurance.''

It is evident from a reading of the Wilshire policy that it attempts to make the insurance provided by it excess whenever other insurance is available to the insured.[1]

On the other hand Transit's policy provides for proration with other available insurance, except in three situations: 1. loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis; 2. loss arising out of the use of any non-owned automobile; and 3. with respect to any automobile of the commercial type hired, leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others.[2]

---

[1]The clause first quoted purports to be applicable to any and all insureds. The second one applies only to insureds who are renters of Budget's trucks, as Cannonball was.

[2]In conceding that Transit can claim the benefit of the three excess provisions contained partly in the basic policy and partly in an endorse-

It is not contended that the last mentioned contingency applies. Clearly the truck in question was not leased to someone other than the named insured. The trial court was, however, persuaded that the truck in question was a non-owned automobile and found Transit's policy to be excess. Apparently reasoning that it was against public policy for Budget's, the owner's, policy to provide excess rather than primary insurance, the court concluded that Wilshire's limits had to be exhausted before Transit's policy came into play.

■ On appeal Transit urges that even if the truck was not a nonowned automobile as defined in its policy, it was nevertheless insured on a cost of hire basis and that the excess provisions of its policy apply.

■ Transit's policy contained the following clause:

"3. *Definitions.*

"  . . . . . . . . . .

"(b) *Automobile.* Except where stated to the contrary, the word 'automobile' means a land motor vehicle or trailer as follows:

"(1) *Owned Automobile*—an automobile owned by the named insured;

"(2) *Hired Automobile*—an automobile used under contract in behalf of, or loaned to, the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;

"(3) *Non-Owned Automobile*—any other automobile."

On its face the quoted provision purports to be a definition of the word "automobile" only. As such, it is quite unnecessary because when "owned automobiles," "hired automobiles" and "non-owned automobiles" are added together, they simply come out as "all automobiles." Further, if the clause has no function except to define "automobiles," it would be useless in all cases where it counts, since it does not answer the constantly recurring questions whether particular vehicles are "automobiles." (See *Williams* v. *Standard Accident Ins. Co.,* 158 Cal.App.2d 506, 509-510 [322 P.2d 1026] [wreck]; *Lonsdale* v. *Union Ins. Co.,* 167 Neb. 56, 59-60 [91 N.W.2d 245] [truck]; *Heinrich* v. *Globe Indemnity Co.,* 276

---

ment, we are giving Transit the benefit of the doubt. Quite arguably the "other insurance" clause of the endorsement supersedes that of the basic policy.

Ala. 518, 522 [164 So.2d 709] [truck]; *National Casualty Co.*
v. *Thompson,* 39 Ala.App. 199, 200-201 [96 So.2d 708] ["Hy-
ster" forklift truck]; *Smith* v. *Stewart,* 21 App.Div.2d 551
[251 N.Y.S.2d 342, 344-345] [vehicle without doors, head-
lights, fenders or hood]; *Hartford Accident & Indemnity Co.*
v. *Come,* 100 N.H. 177, 181 [123 A.2d 267] [motorcycle];
*Federal Insurance Co.* v. *Michigan Mutual Liability Co.,*
E.D.Pa., 172 F.Supp. 858, 865 [crane]; *Texas Casualty Insur-
ance Co.* v. *Wyble,* Tex. Civ.App. 333 S.W.2d 668 [motor
scooter]; *LeCroy* v. *Nationwide Mutual Insurance Co.,* 251
N.C. 19 [110 S.E.2d 463] [mailster or 3-wheeled motor scoot-
er]; *Liberty Mutual Insurance Co.* v. *Dooley Electric Co.,* 133
N.Y.S.2d 785 [crane]; *American Mut. Liability Ins. Co.* v.
*Chaput,* 96 N.H. 200, 204 [60 A.2d 118] [tractor]; *Koser* v.
*American Casualty Co. of Reading,* 162 Pa.Super 63 [56 A.2d
301] [tractor].) It is obvious, therefore, that the quoted
clause was not intended to define automobiles, but to classify
them into three groups, by defining owned automobiles and
hired automobiles and putting all others into a classification
called "non-owned automobiles."

The findings recite that the truck in question "was a hired
automobile *and a non-owned automobile* within the meaning
and intendment of the insurance policy of defendant." (Ital-
ics added.) Since Transit's policy divides automobiles into
three mutually exclusive classes, and the truck clearly was
hired, the emphasized portion of this finding cannot stand. If
the automobile is hired it is not one of the others. If Transit,
in its policy, chooses to give the term "non-owned automo-
bile" a restricted meaning, it should not be heard to say that
it did not do so.

Transit asserts that the truck was insured on a cost
of hire basis. This simply is not so. Schedule 2 attached to the
Transit policy has a column called "description of hazards."
In that column various hazards such as "owned automo-
biles," "hired automobiles" and "non-owned automobiles"
are listed. Next to the words "hired automobiles" there are
printed the words "Premium Basis—Cost of Hire." In the
column under those words the following is typed: "Included
in gross receipts rate." No argument is presented that this
means anything but the obvious, namely that the premium for
the insurance for the use of hired automobiles was calculated
on a gross receipts basis.

It therefore seems quite clear that the prorate provi-
sions of the Transit policy and the excess provisions of the

Wilshire policy apply. That being the case the Transit policy is primary. (*American Automobile Ins. Co.* v. *Republic Indemnity Co.*, 52 Cal.2d 507, 512-513 [341 P.2d 675].)

■ It is urged by Transit that the public policy expressed in *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359], militates against the owner's policy not being primary. This suggestion was effectively answered in *American Motorists Ins. Co.* v. *Underwriters at Lloyd's London*, 224 Cal.App.2d 81, 86 [36 Cal.Rptr. 297]. The public policy is satisfied if the injured third party is financially protected. He has no interest in where the money comes from. Admittedly where standard automobile policies are involved the owner's policy is usually primary and the driver's is excess. That was the case in *American Automobile Ins. Co.* v. *Republic Indemnity Co., supra,* but it is a consequence of the language of the standard policy, not of *Wildman*. As a matter of fact, as was pointed out in *American Motorists Ins. Co.* v. *Underwriters at Lloyd's London, supra,* the statutory and common law rights of indemnity flow in a direction opposite from the duties of coverage which result from standard automobile policies.

■ Finally Transit suggests that Wilshire is not entitled to the benefit of its "other insurance" clause because the Wilshire policy does not contain the mandatory omnibus clause prescribed by section 16451 of the Vehicle Code and by *Wildman*.[3] The Wilshire policy does, however, contain a provision reading as follows: "Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

However, even were there no such provision, we would see no reason for punitive action against Wilshire. In *Globe Indemnity Co.* v. *Universal Underwriters Ins. Co.*, 201 Cal.App. 2d 9, 17-18 [20 Cal.Rptr. 73], the insurance company urged that a permissive user who was added to the policy by operation of law was not entitled to the full limits of the policy, but only to the minimum limits prescribed by section 16451. The court held: "The permissive user assumes the status of an assured and gets the full benefit of the policy." (*Ibid.,* p. 10. See also *Pacific Indem. Co.* v. *Universal etc. Ins. Co.*, 232 Cal.App.2d 541, 543 [43 Cal.Rptr. 26].) If the law writes the driver into the policy as an insured with all rights he would have had, had he been mentioned by name or covered as a

---

[3]The definition of insured under the Wilshire policy includes only the named insured Budget and certain of its employees.

member of a described class we see no reason why his coverage should not be subject to such lawful limitations, conditions and qualifications as the policy contains.

The judgment is reversed.

Hufstedler, J., and Stephens, J., concurred.