[Civ. No. 35338. First Dist., Div. Three. Aug. 14, 1975.]

U-HAUL COMPANY OF SOUTHERN CALIFORNIA, INC.,
Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant and Respondent.

666

**COUNSEL**

Booth, Mitchel, Strange & Smith, Joseph A. Burrow and E. Gary Smith for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Boyd & Eliot and R. S. Cathcart for Defendant and Respondent.

**OPINION**

**DRAPER, P. J.**—This action in fact is a dispute between two insurers as to which must bear the loss sustained in a single accident. The named plaintiff is insured by Continental Casualty Company, which brought the action in the name of its insured.

One Datis Malone owned a two-door Toyota sedan which defendant State Farm insured against public liability and property damage. Malone's policy also covered him while using certain nonowned automobiles.

In the course of its normal truck rental business, U-Haul rented to Dolores Jackson a Ford truck 16 feet long and having 6 wheels. The truck was a commercial vehicle within the code definition (Veh. Code, § 260).

Ms. Jackson used the truck to transport her household furniture from Los Angeles to Fairfield. At her request, Malone drove the loaded truck for her, without compensation and solely as a matter of friendship. As

the truck driven by Malone neared the end of the journey, it collided with the automobile of O'Hara. The O'Haras filed action for damages for bodily injury and property damage against U-Haul, Malone, and others who were not connected with ownership or operation of the truck. The O'Haras' action as against U-Haul and Malone was settled. Continental contributed $1,728, which is stipulated to be a fair and reasonable settlement. Continental also spent $1,013 for reasonable expenses and attorney's fees in defense of the O'Hara action, defense of which for U-Haul and Malone had been tendered to and refused by State Farm. This action sought a declaration that Continental is entitled to recover these expenditures from State Farm. Judgment was for State Farm. U-Haul [Continental] appeals.

The State Farm policy on Malone's Toyota extends to nonowned automobiles, but defines such an automobile as a "four-wheel land motor vehicle." It contends that this limitation excludes the six-wheel truck driven by Malone at the time of the collision.

■ An exclusion in an insurance policy must be phrased in clear and understandable language. (*Migliore* v. *Sheet Metal Workers' Welfare Plan,* 18 Cal.App.3d 201, 204 [95 Cal.Rptr. 669], and cases there cited; see also *Dart Transportation Service* v. *Mack Trucks, Inc.,* 9 Cal.App.3d 837, 847 [88 Cal.Rptr. 670], and cases there cited.)

Thus we look to the policy to see whether its language is plain. It is quite true that the limitation is not specifically stated as an "exclusion," but is included within the language extending coverage to nonowned automobiles. In other circumstances, this method could well be viewed as obscuring the fact of exclusion. The policy before us, however, is prefaced by the statement "Note: The words in *bold face italic* type are defined under Definitions within each section." Section I is entitled "Use of non-owned automobiles." It extends liability coverage to such vehicles in language which five times uses the word "automobile" in bold face italic type. Thus it clearly directs attention to the definition of "automobile" as a four-wheel vehicle. These repeated emphases upon the need to look to the definition, we conclude, remove any element of obscurity, concealment, or ambiguity which might otherwise be found. The record before us is a stipulation of facts which contains no reference to the circumstances or conversations which accompanied order for and

delivery of the policy. In this state of the record, we find no basis for any reasonable expectation by Malone that the policy covering his Toyota 2-door sedan would extend to a 16-foot, 6-wheel commercial vehicle rented by his friend to transport her household furniture to a new and distant residence.

Appellant Continental, however, argues at length the public policy favoring "monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others" (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].) Appellant emphasizes the *Wildman* rule (*Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359].) But *Wildman* and its progeny found their basis in statute (then Veh. Code, § 415, now § 16451). ■ Subsequent legislation (Veh. Code, §§ 16450-16451; Ins. Code, § 11580) has made it clear that the Vehicle Code section applies only to policies "certified . . . as proof of ability to respond in damages as provided in Section 16431" (Veh. Code, § 16450). The Insurance Code (§ 11580.1) is the only section mandating coverage "in ordinary automobile insurance policies" (*Metz* v. *Universal Underwriters Ins. Co.*, 10 Cal.3d 45, 51 [109 Cal.Rptr. 698, 513 P.2d 922]; see also *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.*, 9 Cal.App.3d 508 [88 Cal.Rptr. 246]). The State Farm policy here involved *is* an "ordinary automobile insurance policy," and thus its coverages are prescribed only by section 11580.1.

■ That section does require that a policy issued to the owner of an automobile must cover liability for operation of the insured vehicle by one using it with the consent of the insured owner (Ins. Code, § 11580.1, subd. (b)(4)). Appellant does not point to any provision of section 11580.1 as it read at the time of this accident (Stats. 1970, ch. 300, § 4, pp. 573-574), nor any of its predecessors, requiring that a policy issued to named insured upon a specified automobile must cover the named insured when he drives a nonowned automobile. There is no dispute that Malone was a permissive user of the U-Haul truck. It follows that public policy, as announced in section 11580.1, required coverage of Malone by the policy Continental had issued to U-Haul. It is a strangely strained argument for Continental to assert that a public policy which requires it to insure Malone somehow binds State Farm to relieve Continental of the liability that same public policy imposes only upon Continental.

We recognize, of course, that the State Farm policy, as do the vast bulk of like insuring agreements, has a "drive other cars" clause extending to a limited class of nonowned vehicles. Thus an entirely legitimate argument is available as to the proper interpretation of that clause. That issue has been fully considered in the earlier portion of this opinion. Our discussion of the "policy issue" relates only to the argument Continental seeks to base upon a supposed public policy. We concede that our construction of the policy may have been influenced by the view that Continental could have had no "reasonable expectation" as to the coverage Malone had purchased from State Farm long before the accident in issue and U-Haul's rental of its truck to Jackson.

The "public policy" argument comes somewhat strangely from Continental. There is a wryly ironic touch to an insurer's urging of sympathy for the victim of driving negligence as a basis for its own attempt to evade restitution to that injured party.

Judgment affirmed.

Brown (H. C.), J., and Good, J.,* concurred.

A petition for a rehearing was denied September 12, 1975, and appellant's petition for a hearing by the Supreme Court was denied October 9, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.