[Civ. No: 36438. First Dist., Div. Four. Nov. 20, 1975.]

NATIONAL INDEMNITY COMPANY, Plaintiff and Appellant, v. BRUCE CHESTER MANLEY et al., Defendants and Respondents.

128

COUNSEL

Sedgwick, Detert, Moran & Arnold and Stephen Jones for Plaintiff and Appellant.

John J. Healy and James L. English for Defendants and Respondents.

OPINION

CHRISTIAN, J.—National Indemnity Company appeals from a summary judgment determining that it was obligated under an insurance policy issued by it to the operator of a trailer rental agency to indemnify or defend the persons who rented and used the trailer.

The facts are undisputed; the following is taken from appellant's brief:

On or about August 16, 1971, National issued its California combination automobile policy to Al Stevens and Beverly Stevens, dba Al's Richfield Stations and Al Stevens Rentals. This policy, numbered CAL 1 16 22, was in effect from August 16, 1971, to August 16, 1972. The

liability limits of said policy were $50,000 per injured person and $100,000 for each accident. The policy described Stevens' occupation as "service station and rentals." Said policy of insurance covered a 1969 Mohawk trailer.

This policy contained a special endorsement which provided:

"It is understood and agreed that it is warranted by the named insured that trailers rented to others will be rented only to persons having automobile liability insurance which will be in force for the term of rental.

"It is further understood and agreed that such insurance as is provided by this policy for bodily injury and property damage liability shall apply to the owner only and shall be excess over any other insurance available to the insured."

Deposition testimony attached to National's opposition to the motion established that it was Stevens' intention and understanding that the National policy did not provide coverage to those who leased the trailers (i.e., permissive users).

On November 12, 1971, Stevens rented the Mohawk trailer to Jack Manley. On November 13, 1971, Jack's brother, Bruce, and some other young men, picked up the trailer at the Richfield station. They were driving a 1960 International pick-up truck and were towing the trailer. On November 14, 1971, while Leo Gibson was driving the truck and trailer, it went out of control on Interstate 80 in Solano County. An accident occurred involving several vehicles. As a result of that accident several personal injury actions were filed in Solano County Superior Court against Bruce Manley, Wes Manley, Charles Manley, Leo Gibson and Al Stevens, et al. Prior to trial of any of those personal injury actions, respondents brought their motions for summary judgment in the declaratory relief action.

Appellant contends that the exclusion of permissive users by the insurance policy was specifically permitted by Insurance Code section 11580.1, subdivision (a).[1] Section 11580.1, subdivision (a), provided, at all times applicable to this case:

---

[1]All code references are to the Insurance Code unless otherwise noted.

"(a) No policy of automobile liability insurance described in Section 16057 [2] of the Vehicle Code covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be issued or delivered in this state on or after the effective date of this section unless it contains the provisions set forth in subdivision (b). However, *none of the requirements* of subdivision (b) *shall apply to the insurance afforded under any such policy* (1) to the extent that such insurance exceeds the limits specified in subdivision (a) of Section 16059 [3] of the Vehicle Code, or (2) *if such policy contains an underlying insurance requirement,* or provides for a retained limit of self-insurance, equal to or greater than the limits specified in subdivision (a) of Section 16059 of the Vehicle Code."[4] (Italics added.) Subdivision (b) provides, in relevant part, that all auto liability insurance policies must include provisions for coverage, to the same extent as that provided for the named insured, for all other persons using the insured vehicle with the named insured's permission, subject to exceptions not pertinent here. (§ 11580.1, subd. (b)(4).) By a special endorsement to the insurance policy, appellant purported to exclude coverage of permissive users:

"It is understood and agreed that it is warranted by the named insured that trailers rented to others will be rented only to persons having automobile liability insurance which shall be in force for the term of rental.

"It is further understood and agreed that such insurance as is provided by this policy for bodily injury and property damage liability shall apply to the owner only and shall be excess over any other insurance available to the insured."

It is appellant's assertion that this special endorsement satisfies the "underlying insurance requirement" of subdivision (a) so that there is a valid exclusion from the subdivision (b) (4) requirement of providing insurance coverage to permissive users.

■ "Underlying insurance" is any other insurance purchased by the insured which covers the same losses and which will be primarily liable therefor. (See *Otter* v. *General Ins. Co.* (1973) 34 Cal.App.3d 940, 945-946, 953 [109 Cal.Rptr. 831].) Where two auto liability insurance

---

[2] Renumbered Vehicle Code section 16054 by Statutes 1974, chapter 1409, sections 7, 8.

[3] Renumbered Vehicle Code section 16056 by *id.*

[1] Amended to reflect renumbering of Vehicle Code, Statutes 1974, chapter 1409, section 2.

policies are applicable, the terms of sections 11580.8 and 11580.9 will determine which policy is the underlying policy and which policy is the excess policy.

■ Appellant asserts that the provision in the special endorsement that the insurance coverage by the policy "shall be excess over any other insurance available to the insured" provides an underlying insurance requirement within the policy. The clause does not satisfy the underlying insurance requirement of the statute; rather, it is an attempt to establish that any other insurance which the insured Stevens should obtain would be .treated as the underlying insurance. However, there was no other insurance obtained by Stevens, and therefore the clause has no application to this case.

Appellant also asserts that the requirement that trailers be rented only to persons having automobile liability insurance provides an underlying insurance requirement in the policy so as to satisfy the exclusion in section 11580.1, subdivision (a). On its face, this provision of the special endorsement appears to require underlying insurance coverage. But the ordering of insurance policies as being either underlying or excess is determined by section 11580.9, of which subdivision (d) is applicable in this case:

"(d) Except as provided in subdivisions (a), (b), and (c), where two or more policies affording valid and collectible liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which such motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess."

The Mohawk trailer rented to Jack Manley is described in the schedule of automobiles attached to the insurance policy. Therefore, despite the attempt by means of the special endorsement to establish an underlying insurance requirement, the policy issued by appellant is the primary or underlying policy, and any insurance which might have been owned by a renter of the vehicles would be excess. Appellant's use of the special endorsement in an attempt to escape the requirement of providing insurance to permissive users equal to that of the insured user of the vehicle (§ 11580.1, subd. (b)(4)) is ineffective.

Appellant further asserts that there is no longer a public policy in California against depriving permissive users of coverage under the

policy of an insured owner of a vehicle. *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31, 39 [307 P.2d 359], announced that the public policy of this state requires that all automobile liability insurance must apply to accidents which occur when a person other than the insured is driving with the permission or consent of the insured. Since the decision in *Wildman* was rendered, the Legislature has enacted changes in the Vehicle and Insurance Codes which have replaced the judicially determined public policy expressed in *Wildman.* (See discussion in *Contreras* v. *America, Compania General De Seguros, S.A.* (1975) 48 Cal.App.3d 270, 278-280 [121 Cal.Rptr. 694].) ■ The total public policy of this state with regard to the required content of voluntary automobile insurance policies—those policies taken out prior to any accident—is now contained in section 11580.1. (§ 11580.05; *Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45, 51 [109 Cal.Rptr. 698, 513 P.2d 922]; *U-Haul of Southern Cal., Inc.* v. *State Farm Mut. Auto. Ins. Co.* (1975) 50 Cal.App.3d 665, 669 [123 Cal.Rptr. 628]; *Contreras, supra,* 48 Cal.App.3d at pp. 280-281; *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.* (1970) 9 Cal.App.3d 508, 524-525 [88 Cal.Rptr. 246].) ■ By enacting section 11580.1, subdivision (b)(4), the Legislature declared that this state's public policy requires that all permissive users (with exceptions not pertinent here) were to be afforded the same coverages of insurance as the named insured. Provision has been made for exclusion of such coverage where there is an underlying insurance requirement, which itself would be subject to the minimum insurance coverage requirements (see § 11580.1, subd. (a)). But there is no underlying insurance available in this case. By enacting section 11580.1, subdivision (b)(4), the Legislature has reenacted the *Wildman* policy, with certain modifications, as the public policy of this state. Therefore, the special endorsement to the policy is ineffective to relieve appellant of liability arising out of respondent's use of the insured vehicle.

Appellant contends that the insurance coverage to be provided to permissive users is that required as the statutory minimum, i.e., $15,000 for each accident in which there is death or injury to one individual, and $30,000 in accidents where there is death or injury to more than one person. Section 11580.1, subdivision (a), provides that all of the provisions of subdivision (b) shall be contained in all automobile liability insurance policies. "However, none of the requirements of subdivision (b) shall apply to the insurance afforded under any such policy (1) to the extent that such insurance exceeds the limits specified" by the Vehicle Code, i.e., a minimum of $15,000 coverage for injury or death to one

person, and a minimum of $30,000 coverage for death or injury of two or more persons. (§ 11580.1, subd. (a); see Veh. Code, § 16056 [formerly § 16059].) Subdivision (b) (1) specifies that policy limits shall be *not less than* these minimum limits. When read in conjunction with subdivision (b)(4), which mandates that permissive users be accorded the same insurance coverage as the named insured, subdivision (a) means that the insurer and the named insured are empowered to provide in the insurance policy that permissive users will be provided only with the minimum statutory coverage. The policy did not attempt to limit the amount of coverage given to permissive users to either the statutory minimums or to the excess over the amount of insurance which the permissive users might have had. (Compare *American Motorists Ins. Co. v. Underwriters at Lloyd's London* (1964) 224 Cal.App.2d 81 [36 Cal.Rptr. 297].) Rather, appellant attempted to invalidly exclude permissive users from any coverage whatsoever. The attempted exclusion was void; in the absence of a valid differentiation in coverage between the named insureds and permissive users, the insurer is liable to the same extent to all insured parties. (*Clark* v. *Universal Underwriters Ins. Co.* (1965) 233 Cal.App.2d 746, 748-749 [43 Cal.Rptr. 822]; *Pacific Indem. Co.* v. *Universal etc. Ins. Co.* (1965) 232 Cal.App.2d 541, 543 [43 Cal.Rptr. 26]; *Globe Indem. Co.* v. *Universal Underwriters Ins. Co.* (1962) 201 Cal.App.2d 9, 17-18 [20 Cal.Rptr. 73].) Respondents are therefore entitled, as the trial court determined, to coverage in the amounts specified by the policy.

Appellant contends that summary judgment was improperly rendered because there was a factual issue as to whether the named insured came within the provisions of section 11580.1, subdivision (d)(2), allowing the insurance carrier and the named insured to agree to limit the recovery of any permissive users where the named insured is "engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking, or storing automobiles, . . ." In *Cal-Farm Ins. Companies* v. *Fireman's Fund American Ins. Companies* (1972) 25 Cal.App.3d 1063, 1071-1073 [102 Cal.Rptr. 568], evidence was taken as to whether a leasing operation was in fact a part of the business of selling automobiles. In *Great American Ins. Co.* v. *Globe Indem. Co.* (1970) 8 Cal.App.3d 938, 946 [87 Cal.Rptr. 653], the trial court had similarly taken evidence to determine whether certain activities fell within the activities described by subdivision (d)(2). If any triable issue of fact exists, a motion for summary judgment should not be granted. (Code Civ. Proc., § 437c; *R. D. Reeder Lathing Co.* v. *Allen* (1967) 66 Cal.2d 373, 376-377 [57 Cal.Rptr. 841, 425 P.2d 785]; *Stationers Corp.* v. *Dun & Bradstreet,*

*Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].) But the possible applicability of subdivision (d)(2) was not presented to the trial court. Summary judgment is proper where the party opposing the motion "does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue." (*Stationers Corp.* v. *Dun & Bradstreet, Inc., supra.)*

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.