[No. B032453. Second Dist., Div. Four. Mar. 16, 1989.]

HARBOR INSURANCE COMPANY, Plaintiff and Appellant, v. KSCH, INC., et al., Defendants and Respondents.

**COUNSEL**

Hogan, Baynes & Haworth, Timothy J. Hogan and Christopher L. Troy for Plaintiff and Appellant.

Rosen, Rosen & Thompson, Susan M. Thompson, Lawrence A. Small, Carol Hickman, Mario M. De La Rosa, Rolf M. Treu and Martin W. Phillips for Defendants and Respondents.

**OPINION**

McCLOSKY, J.—Plaintiff Harbor Insurance Company appeals from the judgment against it and in favor of defendants KSCH, Inc.,[1] Tae Son Won, Ok Pun Won, Il Gi Kim, Arthur Beltran and Nam Yong Lee.

---

[1] Defendant KSCH, Inc., failed to file a respondent's brief despite our letter of October 25, 1988, sent pursuant to California Rules of Court, rule 17(b).

## FACTS

Harbor initiated this action for declaratory relief to obtain a declaration that a policy it issued to Erwin Davis, Inc., doing business as Full Service Car Rental "validly excluded coverage for the underlying claims of damage."

The trial was before the court sitting without a jury. The action was tried primarily upon stipulated facts. In pertinent part the parties stipulated: "1. That on or about June 12, 1984, Erwin Davis, Inc., dba Full Service Car Rental, leased to HYUN HYONG UM, an automobile for a period of less than six months.

"2. That pursuant to the above-mentioned rental agreement, Full Service Car Rental was a lessor[,] HYUN HYONG UM was the renter (lessee) of the automobile.

"3. . . . . . . . . . . . . . . . . . . . . . . . . .

"4. That on June 17, 1984, the automobile rented to HYUN HYONG UM by Full Service Car Rental was involved in an accident while being driven by DONG HOON KIM, a permissive user of HYUN HYONG UM .

"5. That on June 17, 1984, there were in effect two policies of liability insurance (HPB 168144; HXB 169144) [hereafter referred to as policy A and policy B, respectively] issued to Erwin Davis, Inc. dba Full Service Car Rental, as named insured by HARBOR INSURANCE COMPANY.

"6. . . . . . . . . . . . . . . . . . . . . . . . . .

"7. HARBOR admits that the policy No. HPB 168144, referred to as Exhibit 'A' provided coverage for HYUN HYONG UM and DONG HOON KIM as permissive users of Full Service Car Rental and has tendered the applicable limits of that policy.

"8. . . . . . . . . . . . . . . . . . . . . . . . . .

"9. That Auto Club provided coverage to the renter UM in the amount of $15,000/30,000 which policy limits have been tendered. Said policy was in effect on June 17, 1984."

Following the trial, the court concluded that a policy B exclusion for permissive users was unenforceable. The court, accordingly, rendered judgment for defendants. This appeal follows.

## Discussion

■ The sole issue presented by this appeal is whether the trial court correctly concluded that the permissive user exclusion in policy B was unenforceable.

Pursuant to Insurance Code section 11580.1, subdivision (b)(4) (section 11580.1) every automobile policy issued or delivered in California must provide coverage "to the same extent that insurance is afforded to the named insured, to any other person using, or legally responsible for the use of, such motor vehicle, provided such use is by the named insured or with his or her permission, express or implied, and within the scope of such permission, . . ."

Subdivision (a) of section 11580.1 excludes from this permissive user insurance requirement any policy which "contains an underlying insurance requirement, . . ." (§ 11580.1, subd. (a).)

In the present case, policy B states that it "provides no coverage for any lessee or rentee, or any person while using any automobile with the permission of said lessee or rentee." Policy B further provides: "It is a condition of this insurance that the Primary Insurance shall be maintained in full effect during the currency of this insurance." That policy expressly refers to policy A as the required primary insurance.[2]

Thus, on its face, policy B appears to contain an "underlying insurance requirement" which would allow Harbor to properly exclude permissive users.

Defendants argue, and the trial court ruled, however, that policy B was not exempted from the permissive user requirement because policy A does not constitute "underlying insurance" within the meaning of section 11580.1.

■ This position is premised on the proposition that since policy B specifically requires the maintenance of policy A, the exclusion in policy B is valid only if policy A constitutes underlying insurance. In other words, it

---

[2] Policy B also provides: "In consideration of the premium charged, the undersigned insured and the Company do agree that the underlying Primary Insurance, required by paragraph 2 of the conditions of this policy, must provide coverage for the named insured (and if so required by the law of the state in which this policy is issued for any lessee or rentee, and any person while using any covered automobile with the permission of said lessee or rentee) in any amount equal to the financial responsibility laws of the state in which the policy is issued."

is not alone sufficient that on its face policy B appears to comply with the statutory mandate of requiring underlying insurance. Rather, it is argued, policy A must also be examined to determine whether that policy actually constitutes underlying insurance.

Harbor argues that this position is inconsistent with *Lovy* v. *State Farm Insurance Co.* (1981) 117 Cal.App.3d 834 [173 Cal.Rptr. 307]. We disagree. In *Lovy,* the court concluded that an excess insurance policy issued by Carrier Insurance validly excluded permissive users. In reaching this conclusion, the court focused on the policy clause requiring the insured to maintain a combination policy also issued by Carrier Insurance. It was not disputed that the combination policy covered permissive users. Contrary to Harbor's characterization, the *Lovy* court never addressed the issue whether the combination policy should be inspected to determine whether it constitutes underlying insurance.

As we now explain, the public policy behind the permissive user insurance requirement necessitates that when an insurer requires the maintenance of a specific policy that policy must be inspected to determine whether it constitutes underlying insurance. The permissive user insurance requirement exists to ensure that permissive users are afforded coverage for at least the required minimum policy limits. (See *Ohio Farmers Ins. Co.* v. *Quin* (1988) 198 Cal.App.3d 1338, 1347 [244 Cal.Rptr. 359].) This policy would be thwarted if an insurer could properly exclude coverage for permissive users by requiring that the insured maintain a specific policy when that specific policy does not afford coverage for permissive users.

We, therefore, conclude that when one policy excludes permissive users and requires the maintenance of a specific second policy the court must examine that second policy to determine whether it constitutes underlying insurance pursuant to section 11580.1. ■■■ As we now explain, in the present case, policy A does constitute underlying insurance. Accordingly, Harbor was entitled to exclude coverage for permissive users in policy B.

In urging that policy A does not constitute underlying insurance pursuant to section 11580.1, defendants point to the following two clauses in that policy: (1) "The insurance afforded by this policy shall be excess insurance over any other insurance . . . available to the named insured, the rentee, the driver or the passenger(s), . . ." and (2) coverage is excluded "if the rentee or any person is required by the rental agreement to procure automobile liability insurance applicable to the maintenance and use of the motor vehicle or if, in fact, the rentee or any person has insurance."

Defendants argue that under *National Indemnity Co.* v. *Manley* (1975) 53 Cal.App.3d 126 [125 Cal.Rptr. 513], these causes preclude policy A from

constituting underlying insurance. In *Manley,* the insurer issued a policy to the operator of a trailer rental agency. That policy purported to exclude permissive users.

National contended the following policy provisions constituted an underlying insurance requirement: " 'It is understood and agreed that it is warranted by the named insured that trailers rented to others will be rented only to persons having automobile liability insurance which shall be in force for the term of rental.

" 'It is further understood and agreed that such insurance as is provided by this policy for bodily injury and property damage liability shall apply to the owner only and shall be excess over any other insurance available to the insured.' " (53 Cal.App.3d at p. 130.)

The *Manley* court defined underlying insurance as "any other insurance purchased by the insured which covers the same losses and which will be primarily liable therefor." (53 Cal.App.3d at p. 130.)

The court then concluded that neither clause in the National policy met this definition. It first concluded that the clause providing that coverage under that policy " 'shall be excess over any other insurance' " (53 Cal.App.3d at p. 130) was not sufficient because it was effective only in the event the insured had other insurance. Thus, no underlying insurance was required. Next, the court concluded the clause requiring the trailer to be rented to people only with insurance was not sufficient since pursuant to Insurance Code section 11580.9, National's policy would be primary to any policy covering the permissive user. Thus, the permissive user's policy would be excess rather than underlying insurance.

In contrast to the policy in *Manley,* policy B unequivocally requires the maintenance of a second policy. The question is whether that second policy constitutes underlying insurance. Here, neither of the above-quoted clauses in policy A creates the possibility that, due to the exclusion in policy B, a permissive user will not be covered. Accordingly, those clauses do not preclude policy A from being an underlying policy. First the clause providing that "[t]he insurance afforded by this policy shall be excess insurance over any other insurance . . . available to the . . . rentee . . ." does not convert policy A into excess insurance with respect to policy B. By its terms, this clause converts policy A into an excess policy only when other insurance is available to the rentee. No such other insurance is available to the rentee in policy B since that policy expressly excludes permissive users. It would be circuitous to conclude the permissive user exclusion in policy B

is unenforceable because policy A is an excess policy when policy A is excess only if the permissive user exclusion in policy B is unenforceable.

Nor does the policy A exclusion, which applies if the rentee is required to maintain or actually has other insurance, serve to preclude that policy from being an underlying policy with respect to policy A. Between policy A and policy B, policy A affords underlying coverage for permissive users. This exclusion in policy A is valid under section 11580.1 only if it ensures that permissive user coverage is afforded under a third policy. (*National Indemnity Co.* v. *Manley, supra,* 53 Cal.App.3d at p. 130.)[3] Accordingly, since policy B requires the maintenance of policy A, the permissive user exclusion in policy B does not create the risk that permissive users will not be afforded coverage. The public policy behind section 11580.1 is, therefore, not undermined.

The judgment is reversed. Plaintiff Harbor shall recover costs on appeal.

Woods (A. M.), P. J., and George, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 24, 1989.

---

[3] The parties stipulated that the rentee, defendant Um was in fact covered under a third policy. Nevertheless, Harbor acknowledged coverage under policy A. Accordingly, the question whether this exclusion in policy A is valid under section 11580.1 is not before us.