[Civ. No. 837. Fifth Dist., Mar. 27, 1968.]

H. J. ABBOTT et al., Plaintiffs and Respondents, v. INTER-INSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Defendant and Appellant.

King, Eyherabide, Cooney & Owen, Robert E. King and Henry F. Walker for Defendant and Appellant.

Mayall, Hurley, Knutsen & Smith, Ropers, Majeski & Phelps, McCormick, Barstow, Sheppard, Coyle & Best, Pelton & Gunther, Hoge, Fenton, Jones & Appell, Gilbert, Thompson & Kelly, Betts & Loomis and Jean Wunderlich as Amici Curiae on behalf of Defendant and Appellant.

Gill & Bowles, S. B. Gill and James C. Bowles for Plaintiffs and Respondents.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud and Leonard Sacks as Amici Curiae on behalf of Plaintiffs and Respondents.

CONLEY, P. J.—This appeal is concerned with the question whether the Legislature intended to change the previously enforced public policy of the state with respect to coverage by all insurance policies of innocent third parties injured by an insured's automobile when driven by a permittee, through the addition of an endorsement to a policy to the effect that the insurance would not apply if a specified person were driving the car. The trial court held that the public policy of the state is not eliminated by such a device. We approve the holding.

The record shows that the plaintiffs, H. J. Abbott and his wife, held a policy issued by Interinsurance Exchange of the Automobile Club of Southern California, which insured them against claims made by other persons for damages caused by the operation of the automobile in question. However, their son, Barry Abbott, had previously had difficulties with his driving and the parents had signed an endorsement added to the policy which stated that the insurance would not be effective while their son was using the car in question. Thereafter, Barry Abbott, as permittee, collided with another vehicle containing one Phillip Batchelder, Jr., who was injured in the collision and who has filed a personal injury suit against the Abbotts. Plaintiffs notified their insurance carrier of the pendency of the action and made a timely demand that the company defend them; the Interinsurance Exchange, however, refused to defend plaintiffs, taking the position that the policy was not effective because of the exclusion clause. The Abbotts hired another firm of attorneys to defend them and filed the instant suit against the Exchange to determine their rights, asking for a declaratory judgment and for attorneys' fees.

The lawyers involved agreed upon a statement of facts and entered into a stipulation for the submission of the case. After briefs were filed, the trial court signed findings of fact and conclusions of law and a judgment, holding that the insurance company was obligated under the law to pay Batchelder whatever the ". . . Abbotts may become legally required to pay up to and including the policy limits." But the judg-

ment also provided that the insurance company did not have a duty to defend the Abbotts in the personal injury suit or any obligation to pay their attorneys in that action or in the instant litigation. The findings further affirmed that there was a policy of insurance in effect at the time of the accident and that it had not been certified pursuant to section 16450 of the Vehicle Code.

The trial court thus reached the conclusion that the public policy of California, as expressed in section 16451 of the Vehicle Code, still requires insurance policies issued in this state to apply to injuries suffered by third parties at the hands of negligent permittee drivers of the insured's car and that while section 11580.1, subdivision (e), of the Insurance Code allows insurers and the insured by contract to restrict coverage as between themselves, such permission does not change the law as established by Vehicle Code section 16451 with respect to innocent third parties, and that the insurance company is obligated to pay such parties any sums that the insured may have to pay in conformity with a judgment against them to the limits of the policy. This, it will be noted, is the enforcement of the rights given to such innocent third parties by virtue of the code sections referred to in the *Wildman* and numerous succeeding cases.

The Supreme Court in *Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 39 [307 P.2d 359], declared: ''It appears that section 415 [now 16451 of the Vehicle Code] must be made a part of every policy of insurance issued by an insurer since the public policy of this state is to make owners of motor vehicles financially responsible to those injured by them in the operation of such vehicles. Section 402 [now 17150] of the Vehicle Code provides that 'Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.' We are of the opinion that for an insurer to issue a policy of insurance which does not cover an accident which occurs when a person, other than the insured, is driving with the permission and consent of the insured is a violation of the public policy of this state as set forth in sections 402 and 415 of the Vehicle Code.'' However, the right of the contracting parties to eliminate

insurance as between the insurer and the insured is recognized and enforced through that portion of the declaratory judgment which holds that, if the insurance company shall actually pay to Batchelder the amount of any judgment in his favor against the Abbotts, the Exchange may in turn recover a judgment for that amount, together with costs, from the Abbotts. Thus, while preserving the general right of innocent third parties in accordance with public policy to rely upon the insurance company which issued a policy to the Abbotts, the judgment also enforces the right for practical purposes of the company to secure from the insured as between themselves an effective waiver of insurance in the event that a certain person named in an endorsement should use the automobile at the time the injury complained of is inflicted.

The public policy protecting unknown innocent persons, who may be injured by a car driven by a permittee of the insured, is fundamentally based upon the principle presently set forth in section 16451 of the Vehicle Code. Inasmuch as the driving of motor vehicles has become a prime requisite of modern life in the United States, good sense dictates that there should be a wide coverage by insurance of the operation of such vehicles.

A discussion of the background of the law concerning this public policy and the broadening of insurance coverage in connection with permissive use of the insured automobile is thus contained in *Bohrn* v. *State Farm etc. Ins. Co.*, 226 Cal. App.2d 497, 503-504 [38 Cal.Rptr. 77]: "The holding in *Wildman* was, of course, binding upon subsequent decisions in trial and appellate courts (*Estate of Maguire*, 14 Cal.App.2d 388, 390 [50 P.2d 209]; *Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), and was followed consistently in the following decisions by the appellate court: *Cassin* v. *Financial Indem. Co., supra*, 160 Cal.App.2d 631 [325 P.2d 228]; *Bonfils* v. *Pacific Auto Ins. Co., supra*, 165 Cal.App.2d 152 [331 P.2d 766]; *McFarland* v. *New Zealand Ins. Co., supra*, 176 Cal.App.2d 422 [1 Cal.Rptr. 482]; *Royal Exchange Assur.* v. *Universal Underwriters Ins. Co., supra,* 188 Cal.App.2d 662 [10 Cal.Rptr. 686]; *Globe Indem. Co.* v. *Universal Underwriters Ins. Co.*, 201 Cal.App. 2d 9 [20 Cal.Rptr. 73]. The rule of public policy therein expressed has been repeated and reaffirmed by the Supreme Court itself (*American Auto Ins. Co.* v. *Republic Indem. Co., supra*, 52 Cal.2d 507, 509-511 [341 P.2d 675]; *Exchange Cas.*

*& Surety Co. v. Scott, supra*, 56 Cal.2d 613, 623 [15 Cal.Rptr. 897, 364 P.2d 833].) In its latest utterance on the question (*Interinsurance Exchange etc. Southern Cal. v. Ohio Cas. Ins. Co., supra*, 58 Cal.2d 142, 154 [23 Cal.Rptr. 592, 373 P.2d 640]), the court listed a number of cases decided subsequent to *Wildman* in which certain types of attempted exclusions had been nullified. (*Exchange Cas. & Surety Co. v. Scott, supra*, 56 Cal.2d 613 [garage exclusion]; *American Auto. Ins. Co. v. Republic Indem. Co., supra*, 52 Cal.2d 507 [customer exclusion]; *Bonfils v. Pacific Auto Ins. Co., supra*, 165 Cal. App.2d 152 [excluding others than named insured]; *Cassin v. Financial Indem. Co.*, 160 Cal.App.2d 631 [325 P.2d 228] [drivers over 60 years old]; *Royal Exchange Assur. v. Universal Underwriters Ins. Co., supra*, 188 Cal.App.2d 662 [garage exclusion]; and *Wheeling v. Financial Indem. Co., supra*, 201 Cal.App.2d 36 [19 Cal.Rptr. 879] [military personnel exclusion].) In *Interinsurance Exchange etc. Southern Cal. v. Ohio Cas. Ins. Co., supra*, the court stated, at page 150: 'Any provision in a policy which purported to exclude *certain classes* of permissive users from coverage was declared to be contrary to this public policy and, therefore void.' (Italics added.) It is upon this one sentence lifted from the context of the decision, that appellant predicates its contention that the exclusionary ban was meant to apply only to groups or classes of permissive drivers, and not to named individuals. This interpretation appears to us to be completely unwarranted and untenable, and contrary to the rule of liberal construction enjoined by the Supreme Court upon the entire automobile financial responsibility law, to the end that there be given 'monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others.' (*Continental Cas. Co. v. Phoenix Constr. Co., supra*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].)

"The purpose of Vehicle Code section 16451 is to broaden insurance coverage and to protect those injured by the negligence of drivers operating automobiles with the owners' consent. (*Jurd v. Pacific Indem. Co.*, 57 Cal.2d 699, 703 [21 Cal.Rptr. 793, 371 P.2d 569]; *Interinsurance Exchange etc. Southern Cal. v. Ohio Cas. Ins. Co.; supra*, 58 Cal.2d 142.) There are no exceptions in the statute to the omnibus coverage thus required. Since the provisions of section 16451 are made a part of every policy of insurance issued by an insurer, if not

expressly then by implication of law, it must follow that any provision which would exclude such coverage, whether it relates to a group or class of permissive drivers, or to some named individual, being contrary to the provisions of the statute, and against public policy, must be held invalid and void. (*Wildman* v. *Government Employees' Ins. Co., supra; Exchange Cas. & Surety Co.* v. *Scott, supra; Interinsurance Exchange etc. Southern Cal.* v. *Ohio Cas. Ins. Co., supra.*)''

In the year 1957, the Legislature enacted certain amendments to the apposite sections of the Vehicle Code and the attempt was then made by certain insurance companies to exercise a claimed right to eliminate insurance coverage of unknown but innocent third persons. In *Interinsurance Exchange etc. Southern Cal.* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 149-150 [23 Cal.Rptr. 592, 373 P.2d 640], it is said: ''So far it has been assumed that the 1957 amendment intended to and did change the rule of public policy announced in the *Wildman* case. We have held that, even on this assumption, such change did not affect the coverage of the policy here involved. But the fact is that such assumption is not sound. The rule of public policy announced in *Wildman* was not repealed or changed by the 1957 amendment. The trial court's holding to the contrary was incorrect.

''In the *Wildman* case it was held that sections 402 and 415 of the Vehicle Code, as they then read, 'set forth the public policy of this state [and that] such laws must be considered a part of every policy of liability insurance even though the policy itself does not specifically make such laws a part thereof.' (48 Cal.2d at p. 40.) This was done to effectuate the public policy of the state by making 'owners of motor vehicles financially responsible to those injured by them in the operation of such vehicles.' (48 Cal.2d at p. 39.) Any provision in a policy which purported to exclude certain classes of permissive users from coverage was declared to be contrary to this public policy and, therefore, void.''

The position of the appellant in this case is that in 1963 by adopting section 11580.1 of the Insurance Code the Legislature changed the public policy of the state in the particular above mentioned; the section so adopted reads in applicable part as follows:

''No policy of liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle shall be issued or delivered in this state to the owner of a motor vehicle, or shall be issued or delivered by any insurer licensed in this state, upon any motor vehicle then principally

garaged or principally used in this state unless it contains the following provisions:

"(a) Provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code.

"(b) Provision designating by explicit description or by appropriate reference all motor vehicles with respect to which coverage is intended to be granted.

"(c) Provision designating by explicit description the purposes of use of such motor vehicles with respect to which coverage is not intended to be granted.

"(d) Provision insuring the insured named therein and to the same extent that coverage is afforded such named insured in respect to said described motor vehicles, any other person using, or legally responsible for the use of, said motor vehicles, provided the motor vehicles are being used by the named insured or with his permission, express or implied.

"(e) Notwithstanding the foregoing subdivisions, the insurer and any named insured may, by the terms of such policy or by a separate writing, agree that coverage under the policy shall not apply while said motor vehicles are being used by a natural person or persons designated by name. Such agreement by any named insured shall be binding upon every insured to whom such policy applies.

*Uber* v. *Ohio Cas. Ins. Co.*, 247 Cal.App.2d 611, 616-617 [55 Cal.Rptr. 720], reads: "The omnibus clause in an automotive liability insurance policy extends coverage thereunder to a person using an automobile owned by the named insured with the express or implied permission of the latter; is statutorily included in every such policy (*Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 39 [307 P.2d 359]; *General Ins. Co. of America* v. *Truck Ins. Exchange*, 242 Cal.App.2d 419, 422 [51 Cal.Rptr. 462]; *Pacific Indem. Co.* v. *Universal etc. Ins. Co.*, 232 Cal.App.2d 541, 543 [43 Cal.Rptr. 26]; see also Ins. Code, § 11580.1, subd. (d)—added 1963); is prescribed to effectuate the statutory purpose of broadening insurance coverage to protect the public when the automobile to which the policy relates is operated by one other than the insured owner [citing cases]; and must be applied in light of this purpose."

In the above 1967 case, the court makes note that Insurance Code section 11580.1, subdivision (d), *supra,* was added in 1963, as part of the law extending coverage to the victims of

the negligence of a permissive user of the automobile of an insured owner so that the general public may be protected.

In *Clark* v. *Universal Underwriters Ins. Co.*, 233 Cal.App. 2d 746, 748-749 [43 Cal.Rptr. 822], the court stated: "Defendant admits that previous decisions of the Supreme Court of this state have held that a provision in an automobile liability policy attempting to restrict coverage so as to exclude persons for whose conduct a named insured is liable is void as against public policy. (*Interinsurance Exchange of Auto. Club of Southern Cal.* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640]; *Wildman* v. *Government Employees.' Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359].) It argues only: (a) that *Wildman* misconstrued the intent and meaning of the statutes in force prior to 1957; (b) that the *Interinsurance Exchange* case misconstrued the effect of 1957 Legislation; and (c) that the law as declared in the cited cases, and in cases following those decisions, violates the constitutional freedom of contract of an insurance carrier to select the risks against which it is willing to insure. We are, of course, bound by the decisions of our Supreme Court declaring the law of California. It would serve no purpose for us to discuss the contentions here made, or to repeat the arguments which our Supreme Court found persuasive in arriving at the rules which it has declared."

For good measure, the appellant urges that the wording of section 16450 of the Vehicle Code, amended by the Legislature in the year 1963, conforms with the provisions of section 11580.1 of the Insurance Code, to effect a major revision of the general policy of the state relative to protecting innocent third parties in connection with coverage by noncertified policies issued in California.

Section 16450 of the Vehicle Code as amended in 1963 provides as follows: "A 'motor vehicle liability policy,' as used in Chapters 2, 3 and 4 of this division, means an owner's policy or an operator's policy, or both, of liability insurance, certified as provided in Section 16431 as proof of ability to respond in damages, issued by an insurance carrier authorized to transact such business in this State to or for the benefit of the person named therein as assured. Any requirements set forth in said Chapters 2, 3 and 4 relating to a motor vehicle liability policy shall apply only to those policies which have been certified as proof of ability to respond in damages as provided in Section 16431."

Vehicle Code section 16431 with respect to certification provides: "Proof of ability to respond in damages may be given

by the written certificate or certificates of any insurance carrier duly authorized to do business within the state, that it has issued to or for the benefit of the person named therein a motor vehicle liability policy as defined in Section 16450, which, at the date of the certificate or certificates is in full force and effect.'' While this is an ingenious contention of appellant, it seems to us to be in inverse proportion to common sense.

Appellant argues that because the present policy was never certified the financial responsibility laws are not involved and insurers are free to select the risks against which they insure, and thus eliminate at will the public policy hereinbefore discussed. It is unbelievable that this was the intent of the Legislature. Among other considerations, we point out that section 11580.1, subdivision (d), of the Insurance Code, which for the purposes of this appeal is in effect identical with section 16451 of the Vehicle Code, was passed in 1963, and that it says nothing of certification; neither, of course, does section 16451.

Appellant assigns such importance to the wording of the 1963 amendment to section 16450 of the Vehicle Code as to say that chapters 2, 3 and 4 of division 7 ''do not set forth any requirement relating to a motor vehicle liability policy which has not been certified as there provided. Vehicle Code section 16451 is a part of said Chapter 3. The policy involved was not and is not certified in the manner set forth'' and, consequently, that section 16451 has no application here.

It seems to us that respondents' interpretation of the effect of the 1963 amendment to section 16450 is a much more reasonable one, that is to say, that its purpose was solely to refer to one means of proof of the ability of the owner of a car to respond in damages and certainly that it was not the intention of the Legislature, in such a furtive way, to abrogate the public policy of this state as it is expressed in section 16451 of the Vehicle Code and an unbroken line of specific court decisions. This was the holding with respect to 1957 amendments (*Interinsurance Exchange etc. Southern Cal.* v. *Ohio Cas. Ins. Co., supra,* 58 Cal.2d 142, 150-154), and we think it should be also with respect to the 1963 amendments.

Sections 16431, 16434, 16435 and 16436 of the Vehicle Code indicate methods by which an owner of a car involved in an accident may prevent his driving privileges from being revoked and show his ability to respond in damages after an accident; it seems to us that respondents correctly state the

reason for the 1963 amendment to section 16450. Otherwise as respondents point out, the Legislature would be allowing insurance companies to decide "willy-nilly" which insurance policies they will honor and which ones they will not.

If the trial court was correct in holding that the public policy in California to protect the innocent, injured third party was not changed by the 1963 amendments to the codes, the court was also justified in holding that the insurer could recover from the senior Abbotts the amount paid by it to the third party. If Batchelder should recover a judgment it would be because the permittee son of the Abbotts was negligent and the Abbotts would be responsible in damages to the injured person; if so, the senior Abbotts, at least theoretically, could recover, in turn, from their negligent permittee son for the amount paid by them to Batchelder. The insurance policy, by agreement between the company and the Abbotts, did not serve to protect the latter; if the company has to pay Batchelder because of the public policy above discussed, there is no good reason why the company would ultimately have to pay the debt of the Abbotts.

Appellant and its corps of amici curiae envisage dire results if this judgment is allowed to stand. We predict that their worst fears will prove unfounded. To employ a homely domestic simile, insurance companies which desire to do business in this state must take the lean with the fat, that is to say, assume, at least in the first instance, the burdens required by public policy in addition to realizing their business profits. And this is particularly evident when it is reflected that in the future premiums may well be adjusted by the companies, so that ultimately, if not now, all purchasers of policies of public liability, as a group, may pay for this implementation of public policy. It seems to us that the appellant is here grasping at straws, with the usual ineffectiveness of such technique.

The judgment is affirmed.

Gargano, J., concurred.

Stone, J., being disqualified, did not participate.

A petition for a rehearing was denied April 24, 1968. Stone, J., being disqualified, did not participate therein. Appellant's petition for a hearing by the Supreme Court was denied May 22, 1968.