[Civ. No. 39099. Second Dist., Div. Five. June 27, 1972.]

WILLIAM M. DONOHOE, Plaintiff and Appellant, v.
WILSHIRE INSURANCE COMPANY, Defendant and Respondent.

472

## COUNSEL

Belli, Ashe, Ellison, Choulos & Lieff, Irmas, Simke, Lasher & Hecht and David Manning Chodos for Plaintiff and Appellant.

Jarrett & Woodhead, Frank W. Woodhead and Henry F. Walker for Defendant and Respondent.

## OPINION

**COLE, J.**<sup></sup>— Pursuant to the provisions of section 1138 of the Code of Civil Procedure, the parties hereto submitted an agreed statement of facts to the superior court, together with the question whether an insurance policy issued by respondent covered the liability, if any, of one Billy Joe Wood to plaintiff on account of a collision which occurred on July 13, 1966.

On that day, plaintiff was operating a motorcycle and Wood was driving a three-axle tractor owned by his employer, Hertz Trucking & Materials, Inc. Wood was driving the truck within the scope and course of his employment and with the permission of Hertz. The truck was furnished by Hertz for the legal use of Wood in such employment. At the time of the accident Wood was insured by respondent under a policy of automobile insurance. That policy extended to Wood, along with coverage for a described Plymouth automobile owned by him, liability insurance arising out of the use or operation of "any non-owned automobile." The policy defined "non-owned automobile" as follows: " 'Non-owned automobile' means a private passenger, farm or utility automobile not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

The policy contained, in addition, an exclusionary clause reading as follows: "Exclusions. This policy does not apply under Part I . . . (h) to

---

*Assigned by the Chairman of the Judicial Council.

a non-owned or a temporary substitute automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private automobile operated or occupied by the named insured . . . ."

After careful and exhaustive analysis of the applicable law, the trial court found that the policy did not inure to the benefit of plaintiff. We agree.

The questions of law presented by this appeal are identical to those discussed in *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.,* 9 Cal. App.3d 508, 519-526 [88 Cal.Rptr. 246]. We agree with the conclusions reached in *State Farm Mut. Auto. Ins. Co., supra,* for the reasons stated therein. (See also, *State Farm Mut. Auto. Ins. Co.* v. *Flynt,* 17 Cal.App.3d 538, 546 [95 Cal.Rptr. 296].) No purpose would be served by repeating here the reasoning set forth in *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co., supra.*

We recognize that this conclusion is contrary to the result reached in *Abbott* v. *Interinsurance Exchange,* 260 Cal.App.2d 528 [67 Cal.Rptr. 220], and *Mid-Century Ins. Co.* v. *Hernandez,* 275 Cal.App.2d 839 [80 Cal.Rptr. 448], but we do not agree with their reasoning.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.