[Civ. No. 40218. Second Dist., Div. Four. July 17, 1973.]

ASSOCIATED INDEMNITY CORPORATION,
Plaintiff and Respondent, v.
JEFFREY KING et al., Defendants and Appellants.

**COUNSEL**

Dryden, Harrington & Swartz, Raphael Cotkin and Peter Abrahams for Defendants and Appellants.

LaFollette, Johnson, Horgan & Robinson, Daren T. Johnson, Ellis J. Horvitz and Arthur E. Schwimmer for Plaintiff and Respondent.

**OPINION**

**JEFFERSON, J.**—Plaintiff insurer, Associated Indemnity Corporation, brought this action for declaratory relief, seeking a determination of rights and liabilities incurred as the result of the issuance of a policy of automobile liability insurance to defendant John C. Price. Joined as additional defendants were: Michael Price, John's son; third party claimants, the Kings; Home Indemnity Company, subrogee of the Kings' claims against the Prices. After a court trial, plaintiff was declared free of liability to any of the defendants. The defendants have appealed the judgment.

On July 8, 1967, plaintiff insurer issued its written policy of automobile liability insurance to John C. Price. The policy insured him and additional insured persons described therein for liability arising out of the ownership, operation, maintenance and use of three automobiles, including a 1958 Ford. The policy contained the following restrictive endorsement: "Except as respects Fire, Theft and Comprehensive; no insurance is afforded by the policy to the named insured or any other insured while any automobile is being operated or driven by any of the following persons: Michael Lawrence Price."

Early in the afternoon of July 21, 1967, John C. Price contacted his insurance agent, Hadley, and requested that coverage be deleted from the policy as to the 1958 Ford. On the same day, at approximately 4 p.m., Michael was driving the 1958 Ford and collided with an automobile occupied by the King family.

Plaintiff declined coverage of the Kings' claim; their insurer, Home Indemnity, paid $19,000 to the Kings and expended $2,280.30 in attorney fees and costs, pursuant to uninsured motorist coverage contained in the King policy. The Kings filed suit against the Prices.

The trial court found that the insured, John C. Price, had already incurred premium liability for the entire day of July 21, 1967,[1] and that despite the cancellation on that day, the policy remained in effect until midnight of that day, and thus was in effect when the accident occurred at 4 p.m. in the afternoon. However, the trial court further concluded that the restrictive endorsement contained in the policy was valid, and that it effectively limited plaintiff's liability for the accident because Michael Price was the driver of the automobile involved. The trial court determined that plaintiff had no duty to indemnify its insured, or defend the Kings' civil action, or reimburse Home Indemnity Company.

The defendants contend, on this appeal, that the trial court erred in holding that the restrictive endorsement was valid.[2] They claim that the trial court was compelled to follow *Abbott* v. *Interinsurance Exchange,* 260 Cal.App.2d 528 [67 Cal.Rptr. 220], which declared that restrictive endorsements excluding named drivers were void, as to third party claimants, as the result of the legislative intention expressed in Vehicle Code sections 16450, 16451, and 16452.[3]

---

[1]The court referred to Insurance Code section 480, which provides that "[a]n insurer is entitled to payment of the premium as soon as the subject matter insured is exposed to the peril insured against."

[2]Both the appellant and respondent discuss at some length in their briefs the trial court's ruling on the cancellation of the policy. We deem the issue immaterial to deciding this appeal; the respondent insurer, against whom that ruling was made, did not appeal, because the insurer was successful in the trial court on the issue of the validity of the restrictive endorsement. Hence, the issue is not before us here.

[3]Section 16450 defines a "motor vehicle liability policy" to include an "owner's policy or an operator's policy . . . or liability insurance."

Section 16451 provides that "[a]n owner's policy of motor vehicle liability insurance shall insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle within the continental limits of the United States to the extent and aggregate amount, exclusive of interest and costs, with respect to each motor vehicle, of fifteen thousand dollars ($15,000) for bodily injury to or death of each person as a result of any one accident and, subject to said limit as to one person, the amount of thirty thousand dollars ($30,000) for bodily injury to or death of all persons as a result of any one accident and the amount of five thousand dollars ($5,000) for damage to property of others as a result of any one accident."

Section 16452 reads: "An operator's policy of motor vehicle liability insurance shall insure the person named as insured therein against loss from the liability imposed on him by law for damages arising out of use by him of any motor vehicle not owned

The plaintiff claims that Insurance Code section 11580.1, subdivision (d), contains the Legislature's intention to allow insurers to limit coverage by agreement with the insured. We agree. Insurance Code section 11580.1, subdivision (d), provides that "the insurer and any named insured may, by the terms of any policy of automobile liability insurance . . . agree as to either or both of the following limitations, such agreement to be binding upon every insured to whom such policy applies and upon every third party claimant; (1) That coverage under such policy shall not apply nor accrue to the benefit of any insured or any third party claimant while any insured motor vehicle is being used or operated by a natural person or persons designated by name."[4]

The *Abbott* decision rejected the argument that Insurance Code section 11580.1 permitted an insurer to write a valid restrictive endorsement, with respect to claims made against its insured by third parties. In so doing, it relied on the doctrine enunciated in *Wildman* v. *Government Employees' Ins. Co.,* 48 Cal.2d 31 [307 P.2d 359], i.e., that insurance statutes demanding coverage cannot be defeated by restrictive clauses, but become an implicit part of every affected insurance policy. The *Abbott* court reasoned that Vehicle Code sections 16450-16451 were such statutes and, since they were a part of the Abbott policy, they effectively prevented the insurer's restrictive endorsement concerning the Abbott son from being applied to a third party claimant.

The *Wildman* rule was also applied in *Mid-Century Ins. Co.* v. *Hernandez,* 275 Cal.App.2d 839, 843-844 [80 Cal.Rptr. 448], wherein this court stated: "The public policy of this state, as expressed in section 11580.1 of the Insurance Code, and sections 16451 and 16452 of the Vehicle Code, as those sections, and their predecessor sections have been construed in *Wildman* v. *Government Emp. Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359], and the later cases applying its rule, is as follows: Any owner's motor vehicle liability policy governed by California law must provide coverage for the vehicle therein described no matter who operates it, so long as that

---

by him, and for any subsequently acquired motor vehicle for a period not to exceed 10 days from date of purchase, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance."

[4]At the time the policy in question was issued, in July 1967, the section read: "Notwithstanding the foregoing subdivisions, the insurer and any named insured may, by the terms of such policy or by a separate writing, agree that coverage under the policy shall not apply while said motor vehicles are being used by a natural person or persons designated by name. Such agreement by any named insured shall be binding upon every insured to whom such policy applies." The amendment adding "third party claimants" to those persons bound by the agreement was made in 1968 [Stats. 1968, ch. 1314, § 2].

operation is within the continental United States and with the consent of the named insured, unless, by an endorsement conforming to subdivision (e) of the Insurance Code section 11580.1, some particular person is expressly excluded. Any operator's policy must provide coverage for the named insured for any nonowned motor vehicle that he operates, whether therein described or not, so long as the operation is within the continental United States. Any attempt by an insurance company to limit its required coverage is void and ineffective."

In *Mid-Century,* these rules were applied to find effective coverage of a named insured (not to some person excluded by name) in a policy with respect to a motorcycle, in the face of the claim by the insurer that a motorcycle was not a "motor vehicle" within the meaning of the insurance and vehicle code sections, cited *supra.*

The trial court in the instant case declined to follow *Abbott* (which specifically applied the *Wildman* rule to named driver exclusions, rather than to vehicle exclusions). The trial court relied instead on *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.,* 9 Cal.App.3d 508 [88 Cal.Rptr. 246], which rejected the position that Vehicle Code sections 16450-16451 had any application to the policy coverage limitations by insurers allowed by Insurance Code section 11580.1. In *State Farm,* the court said: "Standing alone, section 11580.1 bespeaks an intent to gather to itself all the public policy concerns which had been expressed in *Wildman* and its successors, an intent to stand as the exclusive enumerator of required automobile coverage features *before* an accident. Such an intent would inferably confine Vehicle Code sections 16450-16451 to policies posted as proof of financial responsibility *after* an accident."

The *State Farm* decision, recognizing the validity of restrictive endorsements pursuant to Insurance Code section 11580.1, has now been followed in *State Farm Mut. Auto. Ins. Co.* v. *Flynt,* 17 Cal.App.3d 538 [95 Cal. Rptr. 296] and *Donohoe* v. *Wilshire Ins. Co.,* 26 Cal.App.3d 471 [103 Cal.Rptr. 57]. We adopt its reasoning. In our view, it is immaterial whether we consider Insurance Code section 11580.1 as it read prior to the 1968 amendment or thereafter, as we regard the 1968 amendment as an effort by the Legislature to clarify its previously expressed intent rather than the declaration of a new policy.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 19, 1973.