[Civ. No. 33495. First Dist., Div. One. May 16, 1975.]

JESUS CONTRERAS et al., Plaintiffs and Appellants, v.
AMERICA, COMPANIA GENERAL DE SEGUROS, S.A.,
Defendant and Respondent.

## COUNSEL

Berlin & Goodman, Sidney L. Berlin, and Salomon Quintero for Plaintiff and Appellant.

Antonio C. Velasquez and James C. Travis for Defendant and Respondent.

## OPINION

MOLINARI, P. J.—In this action seeking to establish the limits of insurance protection under a policy of insurance issued in California by defendant insurance company America, Compania General De Seguras, S.A. (hereafter "America") solely for liability arising out of the operation of a motor vehicle in Mexico, plaintiff appeals from a summary judgment in favor of America. The judgment adjudicates that the occupant-exclusion clause in the policy is valid and that the liability limits are those provided for in the policy. We have concluded that the provisions of Insurance Code section 11580.1 are a part of the insurance contract, that under this statute the occupant-exclusion clause is invalid, and that pursuant to its provisions the liability limits are those therein provided rather than the lesser limits provided for in the policy. The judgment must therefore be reversed.

America is a corporation chartered under the laws of the Republic of Mexico, and is a foreign corporation doing business as an insurance company in California. On June 15, 1971, it issued a policy of automobile liability insurance in favor of Jesus Perez Huerta, now deceased. Huerta was at that time, and until his death, a resident of Redwood City, County of San Mateo, California. Although at time of issuance, the policy effective date was June 21, 1971, by subsequent endorsement the policy was made effective as of June 20, 1971. The policy was issued and delivered in California.

The policy issued by America was a policy of automobile liability insurance covering liability arising only from ownership, maintenance or use of the insured's 1969 Chevrolet station wagon *in Mexico*. It was

written in both Spanish and English and bore the notation "Special Automobile Policy for Tourists." The policy provided coverage of $5,000 for bodily injury to one person for one accident, $10,000 for multiple injury claims arising from one accident (with a limit of $5,000 for each person), $3,000 for property damage; and a total maximum coverage of $20,000. The policy excluded any coverage for liability arising from bodily injury suffered by any passenger-occupants of the insured's automobile.

On June 19, 1971, Huerta left for Mexico in his Chevrolet station wagon, accompanied by Jesus Contreras, Contreras' wife and five of the Contreras children. A collision occurred on June 20, 1971, outside the City of Navajoa, State of Sonora, in Mexico. Contreras' wife and three of his children were killed in the accident and the other two children were seriously injured. Huerta was killed in the accident. Contreras filed the instant action against America as an individual and as guardian ad litem for the two injured children alleging that the deaths of his wife and the three children and the injuries to the two children were proximately caused by Huerta's negligence. The action sought a declaratory judgment that the policy's occupant-exclusion clause be declared invalid, that the liability limits of the insurance policy be determined to be $15,000 for one person and $30,000 aggregate for one accident, and that upon establishing Huerta's negligence plaintiff be awarded a judgment against America in the sum of $30,000, to be apportioned among plaintiff and his two minor children.

Each of the parties filed a motion for summary judgment. Since these motions proceeded on agreed facts no triable issues were presented and the sole questions became issues of law. These questions of law may appropriately be determined on a motion for summary judgment. (*Wilson* v. *Wilson,* 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Nelson* v. *United States Fire Ins. Co.,* 259 Cal.App.2d 248, 251 [66 Cal.Rptr. 115].) The trial court granted America's motion for summary judgment and denied plaintiff's motion for a summary judgment.

Included in the stipulated facts was the stipulation that plaintiff has received all the benefits under America's policy as required by Mexican law. We apprehend these to be the medical and burial expenses provided for in the policy as there is no dispute that plaintiff is entitled to these benefits. The dispute is whether America is obligated to pay damages for the deaths and injuries to the passenger-occupants and, if so, whether the limits of such liability are those provided for in the policy limits or the higher limits provided for by California law.

We do not perceive that the issue in this case involves a "conflict of laws" or "choice of law" problem. (See *Reich* v. *Purcell,* 67 Cal.2d 551 [63 Cal.Rptr. 31, 432 P.2d 727], and *Hurtado* v. *Superior Court,* 11 Cal.3d 574 [114 Cal.Rptr. 106, 522 P.2d 666].) We are not concerned with whether the laws of California or Mexico are identical, or whether only one of these states has an interest in having its law applied, or whether the forum will apply its own rule of decision with respect to an issue in tort (see *Hurtado* v. *Superior Court, supra,* at pp. 579-582), but with a case arising out of an insurance contract issued and delivered in this state and the interpretation of that contract. The question presented is whether certain provisions of the Insurance Code and the Vehicle Code are imposed on insurance policies issued and delivered in California but covering liability for accidents and injuries occurring in Mexi- ██ The fulcrum on which the issue turns is the principle that insurance policies are governed by the statutory and decisional law in force at the time the policy is issued and such provisions are read into each policy issued thereunder and become part of the contract with full binding effect on each party. (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 148 [23 Cal.Rptr. 592, 373 P.2d 640]; see *Wildman* v. *Government Employees' Ins. Co.,* 48 Cal.2d 31, 39-40 [307 P.2d 359].)

At the time America issued the policy in question Insurance Code section 11580.1 provided, in pertinent part, as follows:

"(a) No policy of automobile liability insurance described in Section 16057 of the Vehicle Code covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be issued or delivered in this state on or after the effective date of this section unless it contains the provisions set forth in subdivision (b) . . . .

"(b) Every policy of automobile liability insurance to which subdivision (a) applies shall contain all of the following provisions:

"(1) Coverage limits not less than the limits specified in subdivision (a) of Section 16059 of the Vehicle Code. . . .

"(c) In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following:

"(1) Liability assumed by the insured under contract.

"(2) Liability for bodily injury or property damage caused intentionally by or at the direction of the insured.

"(3) Liability imposed upon or assumed by the insured under any workmen's compensation law.

"(4) Liability for bodily injury to any employee of the insured arising out of and in the course of his employment.

"(5) Liability for bodily injury to an insured.

"(6) Liability for damage to property owned, rented to, transported by, or in charge of, an insured.

"(7) Liability for any bodily injury or property damage with respect to which insurance is or can be afforded under a nuclear energy liability policy.

"(8) Any motor vehicle or class of motor vehicles, as described or designated in the policy, with respect to which coverage is explicitly excluded, in whole or in part.

"The term 'the insured' as used in paragraphs (1), (2), (3), and (4) of this subdivision shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy. . . ."[1]

Adverting to Vehicle Code sections 16057 and 16059,[2] referred to in Insurance Code section 11580.1, we note that these statutes were a part of division 7 of the Vehicle Code entitled "Financial Responsibility Laws." (Veh. Code, §§ 16000-16560.) ■ The Financial Responsibility Laws permit a motorist to use highways without establishing his financial responsibility until he is involved in an accident, but withdraw this permission when, upon the happening of an accident, the motorist demonstrates his financial irresponsibility by failing to comply with

---

[1]The exclusion provided for in paragraph (3) of subdivision (b) is not relevant to this case. It provides that every policy of automobile liability insurance to which subdivision (a) applies shall contain the following provision: "(3) Designation by explicit description of the purposes for which coverage for such motor vehicles is specifically excluded."

[2]In 1974 Vehicle Code sections 16057 and 16059 were repealed and reenacted as sections 16054 and 16056, respectively. (Stats. 1974, ch. 1409, §§ 7 and 8.)

prescribed security deposit requirements. (*Turner* v. *State Dept. of Motor Vehicles,* 265 Cal.App.2d 649, 653 [71 Cal.Rptr. 616].)

Vehicle Code section 16057 provided that every driver or employer involved in an accident is exempted from the requirements of security if he files with the Department of Motor Vehicles satisfactory evidence that the owner or driver of the vehicle involved in the accident had in effect at the time of the accident an automobile liability policy or bond with respect to the operation of the vehicle. (See Veh. Code, § 16050.)

Vehicle Code section 16059 provided as follows: "No policy or bond shall be effective under Section 16057 unless issued by an insurance company or surety company authorized to do business in this state, except as provided in subdivision (b) of this section, nor unless the policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than fifteen thousand dollars ($15,000) because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than thirty thousand dollars ($30,000) because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to, or destruction of property, to a limit of not less than five thousand dollars ($5,000) because of injury to or destruction of property of others in any one accident."

Plaintiff contends that Insurance Code section 11580.1 is the sole enumeration of requirements imposed on all automobile insurance policies issued or delivered in California and is to be interpreted independently of the Financial Responsibility Laws. He contends further that the limits of the policy issued by America are below the coverage requirements specified in Insurance Code section 11580.1, subdivision (b)(1), and that the occupant-exclusion clause of said policy is invalid because it is not included in the permissible exclusions provided for in Insurance Code section 11580.1, subdivision (c).

Defendant contends that Insurance Code section 11580.1 must be construed within the limitations of the Financial Responsibility Laws, particularly Vehicle Code section 16451 which, at the time the instant policy was issued, provided, in relevant part, as follows: "An owner's policy of motor vehicle liability insurance shall insure . . . against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle *within the continental limits* of the United States . . . ." (Italics added.)

■ The initial question posed by the respective arguments is the relationship between Insurance Code section 11580.1 and the Financial Responsibility Laws provided for in the Vehicle Code. More specifically the question that emerges is whether Insurance Code section 11580.1 applies to all policies issued in California or only to those referred to in the Financial Responsibility Laws.

The Financial Responsibility Laws were first enacted by the California Legislature in 1929. (Stats. 1929, ch. 258, § 4, pp. 560-563; Stats. 1929, ch. 259, §§ 1-2, pp. 563-565.) When the Vehicle Code was enacted in 1935, the Financial Responsibility Laws were incorporated therein. (Stats. 1935, ch. 27, §§ 1-803, pp. 93-247.)

At the time the instant policy was issued chapter 1 of the Financial Responsibility Laws, entitled "Security Following Accident" (Veh. Code, §§ 16000-16110), provided that each driver involved in an accident which resulted in property damage in excess of $200 or in bodily injury or in the death of any person was required to deposit security unless he met specified exemptions, one of which was the showing of evidence that the driver was covered by an automobile or motor vehicle liability policy or bond at the time of the accident.[3] Chapter 3 of the Financial Responsibility Laws, entitled "Proof of Ability to Respond in Damages" (Veh. Code, §§ 16430-16484), provided at said time, as it does now, for the methods for giving proof of the ability to respond to future damages. The requisite proof of such ability could be satisfied by a certificate from a California insurance company stating that it had issued an automobile or motor vehicle liability policy for the driver. One of the requirements for a "certified" policy was that it "insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured . . . ." (Veh. Code, § 16451 (former § 415).)

An important question arising under the Financial Responsibility Laws, and one which ultimately led to the enactment of Insurance Code section 11580.1, was the propriety of extending the latter requirement to all automobile policies whether such policies were "certified" as proof of ability to respond to future damages or were policies voluntarily acquired prior to the happening of an accident.

In *Wildman* the Supreme Court considered the validity of a voluntary (i.e., not "certified") policy provision which, contrary to the above

___

[3]Chapter 1 is not substantially incorporated in a new chapter 1 (Veh. Code, §§ 16000-16075) which was added in 1974. (Stats. 1974, ch. 1409, § 8.) Former chapter 1 was repealed in 1974. (Stats. 1974, ch. 1409, § 7.)

requirement in Vehicle Code section 415 (now § 16451), restricted coverage only to the named insured and his immediate family. The court concluded that the requirement in section 415 reflected the public policy of the state, and must therefore apply to every policy issued in California. Any policy provision contrary to this requirement would be void and unenforceable.

Immediately following the *Wildman* decision the Legislature amended Vehicle Code section 415 which, in referring to automobile and motor vehicle policies, had previously employed the phrase "as used in this code." Under the 1957 amendment this phrase was changed to read "as used in this chapter." (Stats. 1957, ch. 1654, p. 3034.)[4] On its face, the 1957 amendment seemed to limit the requirements imposed by section 415 to those policies certified as proof of ability to respond to future damages, and. to repudiate the *Wildman* conclusion that such requirements extended to voluntary, noncertified policies. However, in 1962, the *Wildman* conclusion was reasserted in *Interinsurance Exchange,* wherein the court stated that "The rule of public policy announced in *Wildman* was not repealed or changed by the 1957 amendment." (58 Cal.2d at p. 150.)

The effect of *Wildman* and *Interinsurance Exchange* is to impose the policy requirement of the Financial Responsibility Laws on policies issued before an accident (voluntary policies) and as well on those issued after an accident ("certified" policies), notwithstanding that the Financial Responsibility Laws themselves only come into play after one accident. (See also *Jurd* v. *Pacific Indemnity Co.,* 57 Cal.2d 699, 705 [21 Cal.Rptr. 793, 371 P.2d 569]; *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 435-436 [296 P.2d 801, 57 A.L.R.2d 914].)

In 1963 the Legislature enacted section 11580.1 of the Insurance Code and amended Vehicle Code sections 16450 and 16057. By these enactments the Legislature evinced an intent to distinguish the requirements applicable to "certified" policies from those applicable to policies voluntarily obtained prior to an accident. Such intent is manifested by the provision in Insurance Code section 11580.1 that it applies to policies of automobile liability insurance described in section 16057 (now § 16054) of the Vehicle Code. Section 16057 dealt with exemptions from the post-accident bond requirement and related only to voluntarily obtained insurance policies acquired and in effect prior to an accident.

---

[4]Vehicle Code section 415 was again amended slightly in 1959 and recodified into Vehicle Code sections 16450, 16451 and 16452.

Section 16057 did not relate to "certified" policies nor does its successor statute, section 16054.

The legislative intent was again manifested in 1970 when section 11580.05 was added to the Insurance Code stating the legislative purpose with respect to required provisions in motor vehicle insurance policies. Section 11580.05, in pertinent part, provides as follows: "The Legislature declares that the public policy of this state in regard to provisions authorized or required to be included in policies affording automobile liability insurance or motor vehicle liability insurance issued or delivered in this state shall be as stated in this article, and that *this article expresses the total public policy of this state respecting the content of such policies. . . .* [I]t is the intent of the Legislature that *the requirements set forth in Article 2 (commencing with Section 16450) of Chapter 3 of Division 7 of the Vehicle Code shall apply only to an owner's policy or operator's policy of liability insurance certified as provided in Section 16431 of the Vehicle Code as proof of ability to respond in damages,* . . . Any other policy issued or delivered in this state affording liability insurance with respect to ownership, maintenance, or use of a motor vehicle shall comply with *the requirements set forth in Sections 11580, 11580.1 and 11580.2*" (Italics added.)

The legislative intent that policies voluntarily obtained prior to the occurrence of any accident are to be evaluated according to the criteria specified in Insurance Code section 11580.1 has been recognized by the appellate courts. (*Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45, 51 [109 Cal.Rptr. 698, 513 P.2d 922]; *Associated Indem. Corp.* v. *King* (1973) 33 Cal.App.3d 470, 473-474 [109 Cal.Rptr. 190]; *Donohoe* v. *Wilshire Ins. Co.* (1972) 26 Cal.App.3d 471, 473 [103 Cal.Rptr. 57]; *State Farm Mut. Auto. Ins. Co.* v. *Flynt* (1971) 17 Cal.App.3d 538, 544-546 [95 Cal.Rptr. 296]; *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.* (1970) 9 Cal.App.3d 508, 525 [88 Cal.Rptr. 246]; *Glens Falls Ins. Co.* v. *Globe Indem. Co.* (1969) 276 Cal.App.2d 643, 645 [81 Cal.Rptr. 28].)

In *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co., supra,* 9 Cal.App.3d 508, 524-525, the reviewing court points out that section 11580.1 is "a comprehensive enumeration of mandatory and permissible features to be contained in automobile liability insurance policies to be 'issued or delivered in this state' "; that "[S]ection 11580.1 bespeaks . . . an intent to stand as the exclusive enumerator of required automobile coverage features *before* an accident"; and that "Such an intent would inferably confine Vehicle Code sections 16450-16451 to policies posted as proof of financial responsibility *after* an accident."

The validity of the provisions of defendant's policy must thus be determined solely on the basis of the requirements and allowances provided for in Insurance Code section 11580.1. Although the policy covered liability arising only while the insured vehicle was being driven in Mexico, it was governed by the provisions of section 11580.1 because it was issued and delivered in this state.

■ Adverting to the instant case we proceed to consider the validity of the occupant-exclusion clause in America's policy. The policy provided that "Liability for bodily injury suffered by third parties while riding in or on the described vehicle is not covered . . . ." Under the designation "General Conditions" the policy also contained the following provision: "1. Exceptions. In no event shall the insurance cover: . . . VII. Civil liability because of death of or bodily injury to the driver of the described vehicle or any other occupant, except for the medical expenses, if any, covered under Section 5 of the Specification of Risks; likewise, the insurance does not cover the liabilities resulting from intentional misdemeanors falling upon the owner or driver of the described vehicle. . . ."

An insurance company may by agreement with the insured limit coverage with respect to the exclusions permitted in Insurance Code section 11580.1. (*State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.,* supra, 9 Cal.App.3d 508, 525-526; *Associated Indem. Corp.* v. *King, supra,* 33 Cal.App.3d 470, 473.) Section 11580.1, subdivision (c)(5), permits the exclusion of coverage for liability for bodily injury to an insured. However, none of the permissible exclusions make reference to liability for bodily injury to an occupant of the insured vehicle. We observe that the actual wording of subdivision (c) of section 11580.1 implies that the list of permissible exclusions is meant to be comprehensive and inclusive. The statute states that a policy *may* include *any* and all of the listed restrictions. Accordingly, we may conclude that it was the legislative intent that exclusions not therein listed are impermissible. Such intent may also be ascertained from the fact that section 11580.1, subdivision (c)(5), specifically permits a policy to exclude coverage for liability arising from injury to the insured but no such exclusion is provided for with respect to occupants of the vehicle other than the insured.

In view of the public policy of this state, the provisions of Insurance Code section 11580.1 and the decisions interpreting the statute, we conclude that a clause excluding coverage to the occupants of an automobile or motor vehicle is impermissible and invalid. Although

there is no case directly in point dealing with whether Insurance Code section 11580.1 permits an occupant-exclusion clause, support for the conclusion reached by us is found in *State Farm Mut. Auto. Ins. Co.* v. *Allstate* wherein the court stated that section 11580.1 is a "comprehensive enumeration of mandatory and permissible features to be contained in automobile liability insurance policies to be 'issued or delivered in this state.' " (9 Cal.App.3d at p. 524.)

In *Atlantic Nat. Ins. Co.* v. *Armstrong,* 65 Cal.2d 100, 107 [52 Cal.Rptr. 569, 416 P.2d 801], we find this pertinent observation: "No law permits the exclusion of liability for injuries sustained by all occupants of an insured automobile; . . ." *Atlantic* directly considered the validity of an occupant-exclusion clause in a case where the passenger occupant was injured by the negligence of an insured driver. Although the court's consideration was with respect to a policy coming within the purview of the Financial Responsibility Laws, Insurance Code section 11580.1 had been in existence for three years when its decision was rendered.

We observe that the legislative intent not to exclude occupants of motor vehicles from coverage is in keeping with a discernable trend towards a public policy which affords compensation for those injured through no fault of their own. (See *Interinsurance Exchange* v. *Ohio Cas. Ins. Co., supra,* 58 Cal.2d 142, 153; and see *Brown* v. *Merlo,* 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212], where the "automobile guest statute" (Veh. Code, § 17158) was declared unconstitutional.)

■ Accordingly, since coverage is afforded to the occupants of the insured vehicle in this case we must determine the applicable limits of such coverage. At the time America's policy was issued in 1971, Insurance Code section 11580.1, subdivision (b)(1), provided for mandatory coverage limits not less than the limits specified in subdivision (a) of section 16059 of the Vehicle Code. Section 16059, in relevant part, provided for minimum coverage limits of $15,000 for bodily injury or death to one person from one accident and $30,000 because of bodily injury to or the death of two or more persons in any one accident.

■ The reference in Insurance Code section 11580.1 to Vehicle Code section 16059, which is a part of the Financial Responsibility Laws, cannot be construed, in view of the legislative policy of this state and the applicable statutory and decisional law, as applying only to those policies regulated by the Financial Responsibility Laws but is simply an incorporation by reference of the monetary amounts set forth in section 16059.

█ The coverage limits in a lesser amount in defendant's policy were clearly inconsistent with those required by Insurance Code section 11580.1. They are illegal and unenforceable because they are in derogation of or in conflict with the substantive law of this state. (*Wildman* v. *Government Employees' Ins. Co., supra,* 48 Cal.2d 31, 40; *Malmgren* v. *Southwestern Auto. Ins. Co.,* 201 Cal. 29, 33-34 [255 P. 512].) The minimum coverage requirements of section 11580.1 must, however, be read into America's policy since they are a part of the insurance policy with full binding effect on each party. (*Wildman* v. *Government Employees' Ins. Co., supra,* at pp. 39-40; *Interinsurance Exchange* v. *Ohio Cas. Ins. Co., supra,* 58 Cal.2d 142, 148.)

The judgment is reversed with directions to the trial court to enter a summary judgment in favor of plaintiff pursuant to Code of Civil Procedure section 437c determining that America's policy affords insurance coverage to plaintiff and the minor children, that the applicable limits of liability are those prescribed in Vehicle Code section 16056 (former § 16059), and the cause of action is remanded to the superior court with directions to permit plaintiff to proceed with his cause of action for negligence and that of the minor children. Plaintiff shall recover his costs on appeal.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied June 13, 1975, and respondent's petition for a hearing by the Supreme Court was denied July 9, 1975.